Argued and submitted October 27, 1982, affirmed October 12, reconsideration denied November 25, petition for review denied December 28, 1983 (296 Or 237)

## WENDLICK et ux,
*Appellants,*

*v.*

## CITY COUNCIL OF GEARHART et al,
*Respondents.*

(CC 81-318; CA A23990)

670 P2d 176

Donald C. Walker, Portland, argued the cause and filed the briefs for appellants.

Thomas E. Sweeney, Cannon Beach, argued the cause for respondents. With him on the brief was Sweeney & Casterline, Cannon Beach.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioners appeal from the circuit court's order quashing a writ of mandamus by which they sought to compel the City of Gearhart to issue a residential building permit. We hold that petitioners did not complete the necessary procedure to entitle them to a permit and affirm.

Petitioners are the owners of two adjoining lots, which comprise a total of 10,000 square feet, in the City of Gearhart. They acquired the lots in 1980 from Donald's parents, who had built a house on another adjacent 5,000 square foot lot in 1970, at which time that lot met the city's zoning requirements for minimum lot size. In 1978, the city increased the minimum building lot size from 5,000 square feet to 10,000 square feet.

In 1980, the petitioners contacted Bruce Maltman, who was the City Administrator and Building Official and Water Superintendent for the City of Gearhart, stating that they wanted to obtain a building permit for their property. However, no application for a permit was filed, and no fee was ever paid. Mr. Maltman sent petitioners a letter stating that he would not grant a permit if it were sought, because the parents' retained lot no longer met the minimum lot size requirement without 5000 square feet of the lots they had deeded to petitioners. Petitioners then sought a variance *for the parents' lot* from the City Council; it was denied.

Thereafter, petitioners filed this proceeding and obtained an alternative writ of mandamus directing the City Council to issue a building permit to petitioners or to show cause why it should not do so. After hearing, the trial court quashed the writ on the ground that mandamus did not lie on these facts.

Although the case is confusing, we agree with the trial court's conclusion. The action taken by the City Council was the denial of petitioners' application for a variance for property of the parents[1] of petitioner Donald Wendlick, which, if it had been granted, would have satisfied the objection of the

---

[1] No question is raised whether petitioners have standing to apply for a variance for property owned by another. The parents are not parties. We need not decide whether the petitioners have standing to challenge the Council's denial of their application for a variance.

City Building Supervisor to his granting of a building permit to petitioners. That action involved a land use decision, and jurisdiction was properly in LUBA prior to the enactment of Or Laws 1981, ch 748, § 1. Further, the petition alleges only that petitioners applied for a building permit, that they were entitled to it under the City zoning ordinances and that the respondents denied the permit. As best we can determine, the respondent Council members denied these petitioners' application for a variance, with respect to the parents' lot, in the absence of which the Building Supervisor[2] had indicated that he would deny petitioners a permit if they applied for one, which they have never done. As the trial court pointed out in a letter opinion, the most the court could do in this proceeding would be to require the Council to act, and it *has* acted.

The trial court found that petitioners had applied for both a building permit and a variance. The record does not support the finding insofar as it relates to a permit. Accordingly, we affirm the trial court's quashing of the alternative writ, because petitioners had not filed a formal application for a permit.

We note that the denial of a building permit is not now a land use decision subject to review by LUBA, ORS 197.015(11), although it might have been before the 1981 amendments, at least under some circumstances. *Columbia Hills v. LCDC,* 50 Or App 483, 624 P2d 157, *rev den* 291 Or 9 (1981).

Affirmed.

---

[2] The Building Supervisor was not named as a party to this proceeding. However, he testified at the hearing and when the trial court became aware that he had not been joined, the court ordered orally that he be made a party. No formal order was entered. Given our disposition of the case, we will assume that he was added as a party.